(7 App. Div. 128)

### BURKE v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

1. ASSIGNMENT—ACTION BY ASSIGNEE—PLEADING.
   In an action by the assignee of a contract to recover a balance due thereunder, a denial of the assignment does not present an issue as to whether the assignor had obtained the consent of defendant's street commissioner to make the assignment as provided by the contract, but that fact is not available unless pleaded.

2. CONTRACTS—ACTIONS ON—ENGINEER'S CERTIFICATE.
   A provision in a contract for paving and flagging a street that the final certificate of the engineer as to the amount of materials furnished and work done shall be conclusive does not prevent the contractor from showing the work actually done by him under the contract, where the engineer, on an erroneous construction of the contract, excluded from his certificate work done under it.

3. SAME—INTERPRETATION.
   A contract for paving and flagging a street required the work to be done in accordance with a plan attached to it, and provided that on a certain portion of the street about 200 feet of new flagging was to be furnished and laid, the price of the work to be included in the price paid for new pavement. The terms of the contract showed that the estimates therein were only approximate. At the portion of the street specified, it was necessary to furnish and lay more than 200 feet of new flagging; but it did not appear that the old flagging was not used as far as possible, or that any work was done not required by the contract. *Held,* that the contractor was entitled to recover for all the new flagging in excess of 200 feet.

Appeal from trial term, New York county.

Action by Margaret Burke against the mayor, aldermen, and commonalty of the city of New York, to recover a balance alleged to be due on a contract. The complaint was dismissed, and costs, amounting to $107.61, were awarded to defendant, and plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. H. Smith, for appellant.

E. H. Hawke, Jr., for respondent.

VAN BRUNT, P. J. This action was brought by the plaintiff, as assignee of William J. Kelly, to recover the balance alleged to be due upon a contract for paving, flagging, and curbing 151st street, between Cortlandt and Railroad avenues. The answer admitted the performance of the work under the contract, and alleged that payment was dependent upon the engineer's final certificate, and that an engineer's final certificate had been given, which did not include the items claimed in this action; and, further, that they were not included in the contract. The answer also denied the assignment of the contract in question. Upon the trial, the

contract was introduced in evidence. It contained a clause prohibiting the assignment of the contract, or any moneys due or to grow due thereon, without the previous written consent of the commissioner of street improvements of the 23d and 24th wards; and it was insisted that, such consent not having been proved, the plaintiff, by reason of this clause of the contract, could not maintain any action against the defendant. Without passing upon what would be the effect of such a clause in a contract were the question properly presented to the court, we do not think that, under the pleadings, any such objection was available to the defendant. The plaintiff alleged the assignment of the contract. The defendant simply denied any knowledge or information sufficient to form a belief as to any of the allegations in the complaint contained not thereinbefore specifically admitted or denied. The assignment alleged in the complaint, not having been referred to in the previous parts of the answer, may be deemed to have been denied by reason of this general denial therein contained. But all that was denied was the existence of the assignment. When the case came to trial, the fact that an assignment had been executed was admitted, and hence the denial contained in the answer was met. If, for any reason, the defendant claimed that this assignment was not operative as to it, it was necessary to set up that fact as new matter by way of defense, in order that the defendant could avail itself of it. The assignment might exist, although it might not be operative against the other contracting party, because of the stipulations of the contract; but a general denial of the existence of the contract could not bring up any such question. It would seem, therefore, that it was error upon the part of the court below to hold that the plaintiff had not established a right to maintain the action, if any cause of action existed in behalf of her assignor.

It is further claimed upon the part of the defendant that the contract providing that the final certificate and return of the engineer should be conclusive as to the amount of materials furnished and work done, and the engineer having made such a final certificate, and there being no proof of fraud upon his part, no recovery can be had; and our attention is called to various authorities in which it is held that such certificate is final as between the parties, it having been so agreed. But we fail to find any case which holds that where the engineer has, upon an erroneous construction of the contract and of the rights of the parties thereunder, deliberately excluded work which has been done by the contractor, although he might have acted with an honest purpose, the contractor is precluded from showing that he has done such work, and that it is included in the terms of his contract. In the case at bar it is not seriously claimed that the contractor did not do the work for which compensation is sought in this action. But it is claimed that it was without the terms of the contract; and it is upon this theory that the engineer excluded that portion in his final certificate. But if it should be found upon an examination of this contract that this work, or any part of it, was included

within the terms of the contract, it seems to us that it would be a harsh rule to hold that, because the engineer had acted upon a mistaken view of the law, the contractor would be remediless. We do not think that any of the cases cited go as far as that. It is undoubtedly true that, where there is any dispute in regard to the work or its character, the certificate is final if honestly given. But where a contract calls for the performance of work which the contractor has done, and the engineer, upon an erroneous construction of the contract, has excluded it, it is clear that the contractor has a right to recover, notwithstanding the provisions of the contract in regard to the final certificate.

It has been suggested that, the work in question having been done under the direction of the engineer in charge, a recovery could be had, whether it is within the terms of the contract or not. In respect to this claim, it is sufficient to say that we find no evidence which would justify a recovery upon this ground.

Upon an examination of the contract, it will be seen that attached thereto is a plan or profile of the work, and that in the specifications is a provision that all the work to be done should be done in accordance with this plan or profile. Now, it is quite clear that the contractor was bound to do all the work which was shown or exhibited upon this plan or profile. Now, the work claimed for in this action as having been done under the contract, and not included in the certificate, consists of flagging and curbing between Morris and Cortlandt avenues. Under the evidence, and upon an examination of the plan, it appears that there was to be no curbing on the south side of the street between those avenues; but it also appears that flagging was to be done there, and it is for this flagging that the claim is made in this action. The defendant insists that because of a special provision in the contract to the effect that on the south side of the street, between Cortlandt and Morris avenues, about 200 feet of new flagging was to be furnished and laid, the price for the work to be included in the price paid for new pavement: no claim for flagging can be made for this locality. It clearly appears from the terms of the contract that the estimates contained therein are approximate only, and that the work to be done is shown upon the plan and profile. There was no attempt to prove that old flagging was not used so far as it was possible to do so; and there is no claim in respect to this flagging that any work was done which was not required to be done by the terms of the contract, and shown upon the plan and profile, the only claim being that the contract required the furnishing of but about 200 feet of new flagging which was not to be paid for. We cannot so construe the contract. The contractor was bound to flag the south side of the street between Cortlandt and Morris avenues. He was bound to furnish about 200 feet of new flagging for that purpose for which he could not be paid; but he certainly was not bound to furnish over 200 feet of new flagging without compensation. If there was any misconduct upon the part of the contractor in rejecting old flagstones for the purpose of furnishing the new, evidence of that fact could have been given by the de-

fendant. There is no pretense, so far as this record discloses, that the work was unnecessarily done; and it seems to us, under these circumstances, that the engineer had no right, in his final certificate, to reject this work as not being included in the contract. It would appear, therefore, that it was error upon the part of the court to dismiss the complaint. Certainly, with respect to this flagging, there was a question which should, at least, have been submitted to the jury, under proper instructions, as to whether the action of the engineer arose from a misconstruction of the contract, or whether it was a determination in respect to amounts, a subject upon which, by the terms of the contract, his decision was final if made in good faith.

We think, therefore, that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.