St. George Contracting Company, Appellant, *v.* The City of New York, Respondent.

Contract — contract for excavation of material — performance of part of the work by strangers to the contracting parties — what can be recovered by the contractor.

Where plaintiff's assignor contracted with defendant to excavate the material within a designated space at a specified price per yard, and after the contract was entered into, but before plaintiff entered upon its performance, a third party, a stranger to the contracting parties, removed a part of the material which was to be excavated, plaintiff can recover only the difference between the cost to plaintiff of doing that part of the work and the contract price to be paid therefor.

*St. George Contracting Co.* v. *City of New York*, 143 App. Div. 554, reversed.

(Argued February 27, 1912; decided March 26, 1912.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 12, 1911, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in opinions.

*Selden Bacon* and *Saul S. Myers* for appellant. Plaintiff was entitled to pay for the excavation, measured according to the contract terms, even though part of the excavation was done by the railroad company and not by the plaintiff. (*Gillet* v. *Bank of America*, 160 N. Y. 549; *Russell* v. *Allerton*, 108 N. Y. 288; *Wright* v. *Reusens*, 133 N. Y. 298; *Jugla* v. *Trouttet*, 20 N. Y. 21; *McGuire* v. *Lumber Co.*, 97 Minn. 293.)

*Archibald R. Watson, Corporation Counsel* (*Clarence L. Barber* and *Terence Farley* of counsel), for respondent. As to the 1,175 yards removed by the railroad com-

pany, the subject-matter of the contract failed without fault by either party and hence there can be no recovery. (*Hays* v. *Gross*, 9 App. Div. 12; 162 N. Y. 610; *Dolan* v. *Rodgers*, 149 N. Y. 489; *Herter* v. *Mullen*, 159 N. Y. 28.)

Cullen, Ch. J. I concur in the reversal of this judgment. I am of opinion that on the facts found the plaintiff was entitled to a recovery against the defendant for a breach of the contract, but I wholly dissent from the rule of damages laid down by my brother, Collin, J. Under the contract the plaintiff's assignor was not to be paid a gross sum for the improvement but unit prices for the various kinds of work that he might do in the performance of the contract. Concededly the 1,175 yards of excavation for which the plaintiff now seeks to recover was never done by it, but by a third party, the Baltimore and Ohio Railroad Company, which was working on the adjoining property, after the contract between the parties to this action was signed, but before the plaintiff ever entered upon the performance of his contract and while the land was still in the exclusive possession of the defendant. It is claimed that the work so done by the railroad company inured to the benefit of the plaintiff, on what possible theory I am at a loss to imagine. There was no privity between the plaintiff and the company. The company did not assume to do the work in aid of the plaintiff or in the performance of its contract. According to the theory contended for, if a stranger had made the whole improvement gratuitously without the plaintiff or any of its officers having done a particle of work, the plaintiff would be entitled to recover the full contract price. The logic of the claim would lead to the same conclusion even if the third party had not done the work gratuitously but had been employed to do it by the defendant. The conclusive answer to the argument that the plaintiff was at liberty to adopt the act of the rail-

road company is that even to-day the defendant, being the owner and in possession, could sue the railroad company for the trespass on its land. The plaintiff is entitled to the same measure of damages for the failure of the defendant to permit it to do part of the work as it would have been on a failure to permit it to do any of the work; that is to say, the difference between the cost to plaintiff of doing the work and the contract price to be paid therefor. But this is all to which it was entitled.

There is a further answer to the plaintiff's claim. The contract provided not only for excavation but that the excavated material should be placed behind the retaining wall as a support and a buttress. The material excavated by the railroad company was not so placed, but carried away. Therefore, the provision of the contract in respect to the 1,175 yards was never carried out. Assuming, which I deny, that the plaintiff was at liberty to adopt the action of the railroad company as done in its behalf, it must adopt that action as a whole. It must take it *cum onere.* Certainly, its position with reference to the work done by the company cannot be any better or stronger than if it had hired the railroad company to make the excavation, in which case it would have been liable for the failure to deposit the material as a support to the wall. How can its responsibility for the railroad company's action be less because the latter's services were gratuitous ? Ordinarily a party to a litigation is not permitted to blow hot and blow cold in the same breath. Of course, all this is said only on the assumption that the plaintiff elects to and can adopt the railroad company's acts, which is the only theory on which its right to recovery for the whole contract price can be asserted.

Collin, J. (dissenting in part). The action is based upon a written contract between the defendant and one Engeman, providing for the construction by Engeman of reinforced concrete retaining walls and other work in

124 St. George Cont. Co. *v.* City of New York.

[205 N. Y.]    Dissenting opinion, per Collin, J.    [Mar.,

connection with the St. George ferry approach at St. George, Staten Island. The plaintiff is the assignee of Engeman. The provisions and the performance of the contract necessitated the excavation of the earth, hard pan and rock within a designated space. Engeman was to be paid $3.00 for each cubic yard of such excavation. After the contract was entered into and before Engeman began its performance or entered upon the premises, the Baltimore and Ohio Railroad Company, working on abutting property, removed and carried away 1,175 cubic yards of the soft earth included in the material to be excavated. The railroad company was a stranger to the contracting parties, neither of whom took any step to prevent it from or compensated it for removing the earth. The defendant upon its acceptance of the performance of the contract refused to pay the plaintiff for the excavating by the railroad company upon the ground that it inured to the benefit of the defendant, and Engeman or his assignee was entitled to be paid only for the cubic yards remaining after it was done. The action is to recover the sum so withheld by the defendant, and the judgment of the trial court dismissing the complaint upon the merits has been unanimously affirmed by the Appellate Division.

The contractual obligation and undertaking of Engeman was (with the exception considered below) completely fulfilled. The excavation for the retaining walls and their foundations was made within the lines fixed by the contract to the depth prescribed by it. The retaining walls were erected and the other work done under and pursuant to the contract and the defendant had accepted the entire work as a performance of the contract. A finding of the trial court is: "That the said work done by the plaintiff and its said assignor was accepted by the defendant as a performance of the contract." Neither the plaintiff nor the defendant contends that the act of the railroad company was that of the defendant whereby the defendant breached the contract by either barring

the plaintiff or its assignor from access to and possession of the place upon which the work was to be done or by doing the work it had contracted to Engeman. The contract did not prescribe the method, means or instruments by or through which the excavation should be effected and the work completed; nor did it hire Engeman to excavate at $3.00 for each cubic yard he removed or expressly or by implication or through its nature require that he personally should make the excavation. It mattered not to the defendant by whom or how the excavation was done within the requirements of the contract. It contracted for the retaining walls and the other improvements, and the compensation for the excavation was in fact a part compensation for the production of them. In case the railroad company constructing improvements upon the contiguous property, desirous of a speedy excavation of the space in question or through other motive, or a body of the friends of Engeman through generosity, aided gratuitously in the excavation or in getting together and mixing the materials for the concrete walls, there is no principle known to the law or within the rules of fair and honest dealing which would justify or permit the defendant to refuse for such reason to pay Engeman the contracted price; and the fact that the railroad company through mistake or an undisclosed reason and without the consent of Engeman or the plaintiff and as a mere volunteer, uncompensated by the plaintiff, made the excavation does not create or evoke such a principle. The performance of a contract through an agency or means not within the contemplation of the contracting parties when the contract was entered into is not a breach of the contract or a sound reason for withholding any part of the contracted compensation. The fact that the railroad company excavated as it did did not warrant the refusal of the defendant to pay the plaintiff for excavating the 1,175 cubic yards.

The defendant urges a second fact as a justification of its refusal to pay the plaintiff. The contract required that all earth excavated should be placed behind the retaining walls, and the 1,175 yards of earth excavated by the railroad company were not so placed but were carted away by the company. During their removal the defendant was in possession of the land upon which the work was to be done. It had not yet been turned over to Engeman or the plaintiff, neither of whom had entered upon it or possessed the right to interfere with or to control or protect it. The defendant having the power so to do took no step to prevent the company from taking the earth away, and was not wronged by that which it permitted and through its inaction and silence sanctioned. It could not permit a third party to dispose of the removed earth in such a way as to make plaintiff's performance of his duty impossible and then defeat plaintiff's recovery by asserting his non-performance. That would work a fraudulent result from which the defendant is equitably estopped. It alone having the right, it was in duty bound to protect, as against third parties, the plaintiff's possibility of performance or to thereafter accept, in the action by the plaintiff for the contract price, his non-performance as performance.

The defendant urges still a third ground as a support for its judgment. The engineer of the defendant, in his final certificate that the work was completed, excluded the computation of the excavation of the 1,175 cubic yards, upon the ground that the plaintiff was not entitled to compensation therefor, because, according to the construction given the contract by the engineer, such excavation work done by the railroad company inured to the benefit of the defendant and not to the benefit of the plaintiff.

The view taken by the engineer was erroneous. The performance of the contract entitled the plaintiff to the compensation it provided, and the right of the plaintiff

to recover is not barred by the omission from the final certificate, through the erroneous construction of the contract by the engineer, of the work, performance of which is the basis of the recovery. (*Burke* v. *Mayor, etc., of N. Y.,* 7 App. Div. 128.)

The conclusions of law are not supported by the findings, and the judgment should be reversed and a new trial ordered, with costs to abide the event.

HAIGHT, WILLARD BARTLETT and CHASE, JJ., concur with CULLEN, Ch. J.; GRAY and WERNER, JJ., concur with COLLIN, J.

Judgment reversed, etc.