MERRILL–RUCKGABER CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. January 23, 1914.)

1. MUNICIPAL CORPORATIONS (§ 360*)—SEWER CONTRACTS—CONSTRUCTION.

A contract for the construction of sewers provided that in the construction of sewers and appurtenances, "where found necessary," concrete with the necessary foundation timber should be furnished and placed by the contractor, as required by the engineer, and paid for at the price bid. The schedule of prices provided "for concrete in place per cubic yard, the sum of ten dollars. * * * For additional excavation per cubic yard the sum of $1.50." The clause providing for concrete foundations also provides that such foundations shall be paid for at the price bid, and not, as is provided in other provisions, that the cost shall be included in the price bid for the completed sewer. A special bid was asked for concrete in place. *Held*, that the cost of concrete foundations ordered to be put in was not included in the price bid per linear foot for the completed sewer.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 892, 892½; Dec. Dig. § 360.*]

2. MUNICIPAL CORPORATIONS (§ 360*)—SEWER CONTRACTS—ISSUANCE OF FINAL CERTIFICATE—EFFECT.

If the city engineer erroneously decided that the cost of concrete foundations, where ordered in sewer work, was included in the price bid per linear foot for the completed sewer, when it was not included therein, the contractor could recover the value of such foundations, notwithstanding the issuance of a final certificate on the basis of the engineer's erroneous decision.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 892, 892½; Dec. Dig. § 360.*]

Appeal from Trial Term, New York County.

Action by the Merrill-Ruckgaber Company against the City of New York. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Conrad S. Keyes, of New York City, for appellant.

Terence Farley, of New York City, for respondent.

SCOTT, J. The plaintiff sues upon a contract made with the city of New York for the building of a sewer or sewers in the borough of Richmond in said city. The contract contemplated the laying of sewers of different sizes and kinds. The work was completed and accepted by the city, and a final estimate made. The complaint embraces four claims: First, for the construction of a subdrain; second, for constructing a barrel stave sewer; third, for the cost of laying a concrete foundation and making the necessary excavations therefor; and,

fourth, for the repayment of a deposit made to cover the cost of re-paving.

The first claim was abandoned on the trial. For the second, a verdict was directed in plaintiff's favor with the acquiescence of defendant. As to the fourth, it was conceded that the sum deposited had been actually expended by the city in replacing pavements displaced in the progress of the work. This claim, therefore, was rightly dismissed. This brings us to the consideration of the third claim.

One of the provisions of the contract is as follows:

"62. In the construction of the sewers and appurtenances *where found neces-sary*, concrete together with the necessary foundation timber shall be fur-nished and placed by the contractor in the manner and where required by the engineer and shall be paid for at the price bid."

In the schedule of prices are the following items:

"22. For concrete in place per cubic yard, the sum of ten dollars."
"24. For additional excavation per cubic yard the sum of one and 50/100 dollars."

[1] The plaintiff claims to have done under the engineer's orders a considerable amount of concrete work by way of foundations, and also as a necessary adjunct considerable additional excavating, for none of which was any allowance made in the final estimate. The defendant does not deny that plaintiff laid concrete foundations in places and made the excavations rendered necessary thereby, but contends that the cost of this work was included in the price paid per linear foot for laying the sewer; the engineer who made the final estimate testifying that such estimate was made upon that theory.

[2] The question, then, is whether or not the engineer rightly construed the contract. If he did, the judgment appealed from is right. If he made an error of law in the construction of the contract, the plaintiff is entitled to recover the value of the work done under the items claimed for, notwithstanding the final certificate. Burke v. Mayor, etc., 7 App. Div. 128, 40 N. Y. Supp. 81. The contract and specifications were so drawn that the contractor was required to bid a price per linear foot for each class of sewer constructed, and it was provided, with great particularity and in detail, what work was to be included for the price so bid, but nowhere was it provided that concrete foundations for the sewer, where required, should be so included, although distinct provision was made for concrete foundations for receiving basins. Indeed the very language of clause 62 of the contract, above quoted, indicates that the amount of concrete foundations for sewers could not be determined in advance, and therefore would naturally not be included in the price per linear foot. The provision is that concrete foundations shall be laid "where found necessary," and then "in the manner and where required" by the engineer, so that the amount of concrete foundations to be laid depended upon the conditions developed as the work progressed, and upon the judgment of the engineer. Nor is it without significance that the clause (62) providing for concrete foundations also provides that such foundation "shall be paid for at the price bid," and not as is provided in

other places that the cost shall be included in the price bid for the sewer complete. For example clause 95 provides that:

"Where no foundation is required a suitable plank or cradle will be used, *the cost of which shall be included in the price* per linear foot for the sewer complete."

Taking all these considerations into account, coupled with the fact that a special bid was asked for concrete in place, we are of opinion that the natural and true construction of the contract is that the cost of concrete foundations where ordered was not included in the price bid per linear foot for the sewer complete, and that the engineer erred in his construction of it. The defendant calls attention to the fact that the plans contain cross-sections of a sewer constructed with a concrete foundation. This, however, does not indicate the amount of such foundations to be provided, but merely serves to show how the foundations should be laid where ordered. It appears that the laying of such foundation involves a certain amount of additional excavations (for which a separate bid is made), but as the estimate by plaintiff and by defendant's engineer as to the amount of excavation and concrete foundations laid differ materially, we cannot direct the proper judgment to be entered.

The judgment must therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.