commissioners of appraisal, must be dismissed, with $10 costs and disbursements. This order was granted by default, and is not appealable. The order of June 24, 1913, denying appellants' motion that a referee be appointed to try the issue of necessity, must be affirmed, with $10 costs and disbursments. The order of July 16, 1912, permitting the interposition of an answer, was insufficient to allow said question to be tried. A judgment may not be attacked collaterally; and, until the judgment of condemnation was absolutely set aside, no issue could be raised in the proceeding. In addition, the title to the property had already vested in the city of New York; and, if there is any power under such circumstances to divest the city of title, such power was not exercised in this case.

The order of July 8, 1913, confirming the report of the commissioners of appraisal, must be affirmed, with $10 costs and disbursements. The evidence fully sustains the finding of the commissioners, and we do not understand that this fact is disputed.

---

LITCHFIELD CONST. CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   February 5, 1915.)

MUNICIPAL CORPORATIONS (§ 343*)—SEWER CONTRACTS—DEPOSITS—RECOVERY.

A contractor to construct sewers and relay the street pavements, which he was allowed to take up to do the work, could not recover the deposits made pursuant to the contract stipulating for deposits based on the measured area of the surface to be repaved at different rates based on different kinds of pavement, and to cover the cost of relaying the same, where he did not restore the pavements, but which was done by the bureau of highways of the city.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 343.*]

Appeal from Trial Term, Richmond County.

Action by the Litchfield Construction Company against the City of New York. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Anthony J. Ernest, of New York City (Martin T. Manton, of New York City, on the brief), for appellant.

William E. C. Mayer, of New York City (Terence Farley, of New York City, on the brief), for respondent.

PER CURIAM. In view of the fact that the plaintiff, as contractor, did not repave or restore the pavement, which was done by the bureau of highways, we cannot adjudge a return of plaintiff's deposits with the borough president as a condition for obtaining the permits. Plaintiff urges that all the repaving specified in its bid and in its contract was item 36, for "90 square yards of asphalt block pavement on a concrete foundation, outside of trench line, to be taken up

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and relaid." But, being outside of the excavation, which was to be one foot wider than the external width of the sewer, such pavement was virtually an extra. Hence there is no inference that this 90 yards was intended to cover all the pavement over the sewer and within the lines of the trenches which plaintiff was to relay. Clause TT of the contract clearly provided for the city's charge for inspecting the back-filling.

The further provision that the amount of such deposits was to be based on the measured area of the surface to be repaved at different rates figured upon the different sorts of pavement, also indicated a deposit to cover the cost of relaying the pavements which, under the permits, the plaintiff was allowed to take up. In face of these terms, so explicitly set forth, we cannot hold that the deposits were only to secure the city for loss or damage to paving material or for broken curbstone. This sewer contract, read with the ordinance of 1903, was for the entire job, not only the pipe set in the trenches and covered over, but the important and final work of putting down again the paved street surface. That for this the city took cash deposits made it none the less obligatory upon the contractor. Experience shows that final repaving has to be deferred to allow time for the fill to subside, also that the borough highway bureau, and not the contractor, is better fitted to restore the street. A like claim for return of deposits for permits made by a Richmond county sewer contractor was rejected by the trial court, whose adverse judgment was affirmed in the first department. Merrill-Ruckgaber Co. v. City of New York, 160 App. Div. 513, 145 N. Y. Supp. 577.

The judgment dismissing the complaint is therefore affirmed, with costs.