Mario Pittoni, J.
Plaintiff’s motion for summary judgment is denied.
The plaintiff seeks to recover $910 from the defendant insurer for money paid to a licensed practical nurse, under an insurance policy which agreed to pay for “ professional nursing ” services needed for injuries sustained in an accident. The defendant has refused to pay on the ground that a licensed practical nurse is not a “ professional” nurse, and that the term applies only to a registered professional nurse.
An ambiguity is present as to what is meant by “ professional nursing,” and this prevents summary judgment in favor of the plaintiff. “ [W]hen the language employed is not free from ambiguity, or when it is equivocal and its interpretation depends upon the sense in which the words were used, in view of the subject to which they relate, the relation of the parties and the surrounding circumstances properly applicable to it, the intent of the parties becomes a matter of inquiry, and the interpretation of the language used by them is a mixed question of law and fact.” (Lachs v. Fidelity & Cas. Co. of N. Y., 306 N. Y. 357, 364.)
Nor do sections 6905 to 6907 of the Education Law assist the plaintiff. Section 6905 defines the ‘ ‘ Qualifications and examination of registered professional nurses ”; section 6906 defines the “ Qualifications and examination of licensed practical nurses ” and section 6907 declares how licenses may be issued to a ‘ ‘ registered professional nurse ’ ’ and a ‘ ‘ licensed practical nurse.” (Italics added.)
On the other hand, the defendant is not entitled to summary judgment either. “ It is well-settled that if a policy of insurance is written in such language as to be doubtful or uncertain in its *821 meaning, all ambiguity must be resolved in favor of the policy holder and against the company” (Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44, 49). In order to prevail the defendant must establish that the words and expressions used were reasonably susceptible of only one favorable construction. (Bronx Sav. Bank v. Weigandt, 1 N Y 2d 545, 551, 552; Ætna Cas. & Sur. Co. v. O’Connor, 8 A D 2d 530, 534 [2d Dept.].)
Evidence must be adduced as to the meaning of the term in issue. The motion is denied.