James A. Roe, Jr., J.
In an action to recover damages for work performed pursuant to a contract, plaintiff moves for partial summary judgment.
The plaintiff, in support of the motion, contends that it had entered into a contract with the defendant to perform certain work at the New York International Airport; that pursuant to the contract the plaintiff was to dispose of excavated fill in certain specified areas at the construction site; that the contract defined such work as classified work to he paid for in accordance with a schedule of unit prices embodied in the contract, and that after the commencement of the work the defendant, under the appropriate contract provisions, issued a change order pursuant to a direction by the engineer changing the location of the areas at the construction site for the disposal of the excavated fill.
The plaintiff states that the engineer, under the authority granted in the contract, decided that the disposal of the excavated fill in the areas designated in the change order was not work of the same general character as the classified work provided for in the contract and, therefore, should not be paid for in accordance with the schedule of unit prices, but that it was extra work to be paid for on a cost plus profit basis.
The plaintiff argues that this determination by the engineer involved a construction of the contract which was erroneous. The plaintiff contends that the contract provided that the excavated fill shall be disposed of in certain specified areas or “as ordered by the Engineer ”; that the disposal of the excavated fill pursuant to the change order was ordered by the engineer and thus was classified work, payment for which was to be made in accordance with the schedule of unit prices. In any event, the plaintiff argues, the work involving the disposal of the excavated fill at the areas designated in the change order was of the same general character as the work provided for in the contract, in that the same fill, the same equipment and the same method of performance were required and that the only difference was that the fill had to be moved a greater distance than originally specified in the contract.
The defendant, in opposition, contends that the engineer under the contract determined that the work which is involved in the present action was to be classified as extra work, and was to be paid for on a cost plus profit basis, since the excavated fill was moved a much greater distance than that provided for in the contract. The defendant argues that the contract herein provided that the engineer was to determine whether the work performed *1075 was of the same general character as the classified work set forth in the contract, or whether it was extra work, so that the proper formula for payment could be ascertained, and that that determination was to be conclusive, final and binding on the parties; that since the plaintiff has not introduced any evidence of fraud, bad faith or palpable mistake with regard to the engineer’s determination, such determination bars the plaintiff’s instant claim. In any event, argues the defendant, the work performed by the plaintiff was extra work and not classified work as provided for in the contract, inasmuch as the contract provided that the disposal of the excavated fill was to be “ only in the areas specified ”, but that in fact the fill was disposed of in the areas designated in the change order, different from those specified in the contract. Thus, the defendant argues that summary judgment be granted in its favor.
Although the contract provided that an engineer’s decision is final and conclusive, if it can be shown that the engineer was guilty of fraud, bad faith or palpable error, or if the engineer placed an erroneous construction upon the contract, the decision is not binding. (Smith Contr. Co. v. City of New York, 240 N. Y. 491; Uvalde Contr. Co. v. City of New York, 160 App. Div. 284; Merrill-Ruckgaber Co. v. City of New York, 160 App. Div. 513.)
The classification of work performed by an engineer pursuant to a contract involves the construction of the contract. (See Smith Contr. Co. v. City of New York, supra.) Thus, in the case at bar, it may be that the engineer’s classification of the work was based on an erroneous construction of the contract. However, the contract herein is not unambiguous with respect to defining what constitutes classified work thereunder or extra work. (See McGarry Constr. Co. v. Board of Educ., 284 N. Y. 218.) An ambiguity in a contract should not be resolved upon a motion for summary judgment. (Utica Carting, Stor. & Contr. Co. v. World Fire & Mar. Ins. Co., 277 App. Div. 483, 486; Shapiro v. Ætna Ins. Co., 26 Misc 2d 820; see, also, Bonime v. Cummings, 5 A D 2d 976; Sun Dew Corp. v. Reddi Distrs., 115 N. Y. S. 2d 620.)
Accordingly, the plaintiff’s motion and the defendant’s request for summary judgment are in all respects denied.